Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
SARAH MAE BLACK



Filed
MAY 1 7 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH MAE BLACK,<br><br>Plaintiff,<br><br>v.<br><br>GCFS, INC., a California corporation; and MARK McDOWELL, individually and in his official capacity,<br><br>Defendants. | Case No.: **CV10-02103 BZ**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, SARAH MAE BLACK, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

        b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

        c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

        d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

        e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.    Plaintiff also seeks statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

///

---

[1] Cal. Civil Code § 1788.1(a)(1).

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the Oakland/San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## V. PARTIES

8. Plaintiff, SARAH MAE BLACK (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, GCFS, INC. (hereinafter "GCFS"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 4301 Secondwind Way, Suite 110, Paso Robles, California 93446. GCFS may be served at the address of its

Agent for Service of Process at: GCFS, Inc., c/o John R. Graves, Agent for Service, 4301 Secondwind Way, Paso Robles, California 93446. The principal purpose of GCFS is the collection of debts using the mails and telephone, and GCFS regularly attempts to collect debts alleged to be due another. GCFS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, MARK McDOWELL (hereinafter "McDOWELL"), is a natural person and is or was an employee, agent, officer and/or director of GCFS at all relevant times. McDOWELL may be served at his current business address at: Mark McDowell, GCFS, Inc., 4301 Secondwind Way, Paso Robles, California 93446. McDOWELL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by CashCall, Inc. (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise transferred to Defendants for collection from Plaintiff.

- 4 -
COMPLAINT

14. Thereafter, Defendants filed a lawsuit against Plaintiff to collect the alleged debt. Said lawsuit was filed in the Superior Court of the State of California, County of Alameda and assigned Case No. RG09455637 (hereinafter "the collection lawsuit"). Thereafter, Defendants caused a copy of the Summons and Complaint in the collection lawsuit to be served on Plaintiff.

15. On or about January 26, 2010, Plaintiff retained the legal services of Fred W. Schwinn of the Consumer Law Center, Inc., to represent her in the collection lawsuit.

16. On or about January 26, 2010, Fred W. Schwinn served Defendants with a Substitution of Attorney (Exhibit "1") which notified Defendants that Plaintiff was represented by Fred W. Schwinn in the collection lawsuit.

17. A true and accurate copy of the Substitution of Attorney from Fred W. Schwinn to Defendants is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

18. On or about January 28, 2010, Fred W. Schwinn sent Defendants a Demand for Copy of Items on Account (Exhibit "2") which again notified Defendants that Plaintiff was represented by Fred W. Schwinn in the collection lawsuit.

19. A true and accurate copy of the Demand for Copy of Items on Account from Fred W. Schwinn to Defendants is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

20. Plaintiff is informed and believes, and thereon alleges that Defendants had actual knowledge that Plaintiff was represented by an attorney in the collection lawsuit prior to February 11, 2010.

21. On or about February 11, 2010, Defendants mailed a document titled Response to Demand for Bill of Particulars (Exhibit "3") directly to Plaintiff.

22. A true and accurate copy of the document titled Response to Demand for Bill of

Particulars, without attachments, is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

23. The document titled Response to Demand for Bill of Particulars (Exhibit "3") was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. Thereafter, on or about May 5, 2010, Defendants mailed a collection letter (Exhibit "4") directly to Plaintiff.

25. A true and accurate copy of the collection letter is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

26. The collection letter (Exhibit "4") was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

28. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

29. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

30. Defendant, GCFS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31. Defendant, McDOWELL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is

defined by the FDCPA, 15 U.S.C. § 1692a(5).

33. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants continued to communicate directly with Plaintiff regarding the collection of the alleged debt after Defendants knew that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2).

34. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

37. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

38. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

39. Defendant, GCFS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

40. Defendant, McDOWELL, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

41. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

42. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendants continued to communicate directly with Plaintiff regarding the collection of the alleged debt after Defendants knew that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of Cal. Civil Code §§ 1788.14(c) and 1788.17.[2]

43. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

44. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

45. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[3]

46. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[4]

47. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

---

[2] 15 U.S.C. § 1692c(a)(2).
[3] 15 U.S.C.§ 1692k(a)(2)(A).
[4] 15 U.S.C.§ 1692k(a)(3).

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2);

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.14(c) and 1788.17;

d) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[5]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[6] and 1788.30(c); and

h) Award Plaintiff such other and further relief as may be just and proper.

///

///

///

///

///

///

---

[5] 15 U.S.C. § 1692k(a)(2)(A).
[6] 15 U.S.C. § 1692k(a)(3).

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
SARAH MAE BLACK

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SARAH MAE BLACK, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Fred W. Schwinn (SBN 225575)<br>Consumer Law Center, Inc.<br>12 South First Street, Suite 1014<br>San Jose, California 95113-2418<br>TELEPHONE NO.: (408) 294-6100  FAX NO. (Optional): (408) 294-6190<br>E-MAIL ADDRESS (Optional): fred.schwinn@sjconsumerlaw.com<br>ATTORNEY FOR (Name): SARAH M. BLACK | **FILED**<br>ALAMEDA COUNTY<br>JAN 26 2010<br>SUPERIOR COURT<br>By _____<br>Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 Fallon Street, Room 109<br>MAILING ADDRESS: 1225 Fallon Street, Room 109<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | |
| CASE NAME:<br>GCFS, INC. v. SARAH M. BLACK | |
| **SUBSTITUTION OF ATTORNEY - CIVIL**<br>(Without Court Order) | CASE NUMBER:<br>RG-09-455637 |

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): SARAH M. BLACK   makes the following substitution:

1. Former legal representative [X] Party represented self [ ] Attorney (name):
2. New legal representative [ ] Party is representing self* [X] Attorney
   a. Name: Fred W. Schwinn   b. State Bar No. (if applicable): 225575
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
   Consumer Law Center, Inc.
   12 South First Street, Suite 1014
   San Jose, California 95113-2418
   d. Telephone No. (include area code): (408) 294-6100
3. The party making this substitution is a [ ] plaintiff [X] defendant [ ] petitioner [ ] respondent [ ] other (specify):


**EXHIBIT 1**

---
*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---
NOTICE TO PARTIES WITHOUT ATTORNEYS
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: January 26, 2010

Sarah M. Black
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY)

5. [X] I consent to this substitution.
   Date: January 26, 2010

Sarah M. Black
(TYPE OR PRINT NAME)                                        (SIGNATURE OF FORMER ATTORNEY)

6. [X] I consent to this substitution.
   Date: January 26, 2010

Fred W. Schwinn
(TYPE OR PRINT NAME)                                        (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                                        Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]  Martin Dean's ESSENTIAL FORMS™
**SUBSTITUTION OF ATTORNEY - CIVIL**
(Without Court Order)
Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

MC-050

| CASE NAME: | CASE NUMBER: |
|---|---|
| GCFS, INC. v. SARAH M. BLACK | RG-09-455637 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney - Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney-Civil, have the person who mailed the document complete this Proof of Service by Mail. An unsigned copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney-Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):* 12 South First Street, Suite 1014
San Jose, California 95113-2418

2. I served the Substitution of Attorney-Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: January 26, 2010    (2) Place of mailing *(city and state):* San Jose, California

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 26, 2010

B. Heather Murdock

(TYPE OR PRINT NAME)                                                            (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Burke H. Nelson, Legal Department of GCFS, Inc.
   b. Address *(number, street, city, and ZIP):* 4301 Secondwind Way, Suite 110
   P.O. Box 3410
   Paso Robles, CA 93446

   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

☐ List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2009]
Merrill Deany
ESSENTIAL FORMS™

**SUBSTITUTION OF ATTORNEY - CIVIL
(Without Court Order)**

Page 2 of 2

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Defendant
   SARAH BLACK
6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF ALAMEDA

10 | GCFS, INC.,                    | Case No. RG-09-455637
11 |                                 | (Limited Civil Case)
   |              Plaintiff,         |
12 | v.                              | **DEMAND FOR COPY OF**
   |                                 | **ITEMS OF ACCOUNT**
13 | SARAH BLACK, et al.,            |
14 |              Defendants.        | Pursuant to C.C.P. § 454

15 To:   GCFS, INC., and its attorney, Burke H. Nelson.

16
      Demand is hereby made that you deliver to the undersigned, within ten (10) days hereof, a copy
17
   of the account referred to in your Complaint for Common Counts, on file herein. This demand is made
18
19 pursuant to Section 454 of the California Code of Civil Procedure.

20
                                          CONSUMER LAW CENTER, INC.
21

22 Dated: January 28, 2010          By: _____
23                                       Fred W. Schwinn, Esq.
                                         Attorney for Defendant
24                                       SARAH BLACK

25

26                                                    **EXHIBIT**
27                                                         2
28

                                  - 1 -
   DEMAND FOR COPY OF ITEMS OF ACCOUNT               Case No. RG-09-455637

# PROOF OF SERVICE BY MAIL
(C.C.P. 1013a, 2015.5)

I am employed in the County of Santa Clara, State of California. I am over the age of 18 years and not a party to the within action. My business address is Consumer Law Center, Inc., 12 South First Street, Suite 1014, San Jose, California 95113-2418.

On the date set forth below, I served the foregoing document described as:

**DEMAND FOR COPY OF ITEMS OF ACCOUNT**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

Burke H. Nelson                    Attorney for Plaintiff
Legal Department of GCFS, Inc.     GCFS, INC.
4301 Secondwind Way, #110
Paso Robles, CA  93446

I am readily familiar with the firm's business practices for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is (are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Consumer Law Center, Inc., in San Jose, California. The envelope was sealed and placed for collection and mailing with first-class postage on the below date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on <u>January 28, 2010</u>, at San Jose, California.

B. Heather Murdock

- 2 -

DEMAND FOR COPY OF ITEMS OF ACCOUNT                    Case No. RG-09-455637

```
1  Burke H. Nelson, Bar #236746
   Attorney at Law
2  4301 SECONDWIND WAY STE 110
   POST OFFICE BOX 3410
3  PASO ROBLES CA 93447-3410
4
   Phone: 800-646-4237
5  Attorney for Plaintiff, GCFS, Inc.
```

SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

RENE C. DAVIDSON COURTHOUSE

| | |
|---|---|
| GCFS, INC., | Case No.: RG09455637 |
| Plaintiff, | RESPONSE TO DEMAND FOR BILL OF PARTICULARS |
| vs. | CCP § 454 |
| SARAH BLACK, | |
| Defendant. | |

**EXHIBIT 3**

Pursuant to Code of Civil Procedure, Section 454, Plaintiff, GCFS, INC., (hereinafter referred to as "Responding Party" or "Plaintiff") responds to Defendant, SARAH BLACK'S, demand for Bill of Particulars as follows:

**PRELIMINARY STATEMENT**

Responding Party has made a reasonable effort to respond to Defendant's *Demand for Bill of Particulars* as Responding Party understands and interprets the same. Responding Party reserves the right to supplement its response to Defendant's demand, if and when additional documentation becomes available to it.

As such, Responding Party will comply with this demand and will produce all documents in response to such demand, which are in the possession and control of Responding Party.

Page 1 of 2

RESPONSE TO DEFENDANT'S DEMAND FOR BILL OF PARTICULARS

Accordingly, Responding Party herewith submits the following documents:

1. Account information pertaining to Defendant's Cash Call, Inc. ("CashCall") account number ending in 2467 (the ACCOUNT) from CashCall computer system showing Defendant's contact information, loan document signing time and date, last payment date, charge-off date, and other information.

2. CashCall Promissory Note and Disclosure Statement, electronically signed by Defendant on or about 11-21-2005.

3. Loan Transaction History for the ACCOUNT, received from CashCall.

4. An Affidavit of Sale, signed by Louis Ochoa, Vice President of CashCall, stating CashCall's possession of the ACCOUNT, the moneys owed, and their transfer of the account to GCFS, Inc.

5. ACCOUNT summary sheet (redacted for Defendant's privacy) showing Defendant's name, account number, and principal balance owing, and other information, received from CashCall.

6. Preamble and signatures to Purchase and Sale Agreement between CashCall (seller) and Plaintiff (buyer) for the transfer of accounts, including the ACCOUNT.

7. Bill of Sale and Assignment of Non-Performing Loans and Contracts Rights for the transfer of accounts, including the ACCOUNT, from CashCall to Plaintiff signed by Louis Ochoa, Vice President of CashCall.

Dated: February 11, 2010

Burke H. Nelson
Attorney for Plaintiff

RESPONSE TO DEFENDANT'S DEMAND FOR BILL OF PARTICULARS

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| BURKE H. NELSON 236746;      GARY A. BEMIS 92508<br>LEGAL DEPARTMENT OF GCFS, INC<br>4301 SECONDWIND WAY STE 110, POST OFFICE BOX 3410<br>PASO ROBLES CA 93447-3410<br>TELEPHONE NO.: 800-646-4237<br>E-MAIL ADDRESS (Optional):      FAX NO. (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
  STREET ADDRESS: 1225 FALLON ST
  MAILING ADDRESS:
  CITY AND ZIP CODE: OAKLAND CA 94612-4280
  BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

PETITIONER/PLAINTIFF: GCFS, INC., a California corporation

RESPONDENT/DEFENDANT: SARAH M. BLACK

| PROOF OF SERVICE BY FIRST-CLASS MAIL— CIVIL | CASE NUMBER:<br>RG09455637 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   4301 SECONDWIND WAY STE 110
   PASO ROBLES CA 93446

3. On (date): 2-11-10    I mailed from (city and state): PASO ROBLES, CA
   the following documents (specify):
   RESPONSE TO DEMAND FOR BILL OF PARTICULARS

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D))

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid
   b. ☒ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served:     SARAH M. BLACK
   b. Address of person served:

      560 48TH ST
      OAKLAND CA 94609-2041

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served) (POS-030(P))*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2-11-10

Evelyn Willburn
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)      (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
(Proof of Service)

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com



GREATER CALIFORNIA FINANCIAL SERVICES
LEGAL DEPARTMENT
PO BOX 3410
PASO ROBLES CA 93447-3410

PERSONAL & CONFIDENTIAL

SARAH M. BLACK
560 48ᵀᴴ ST
OAKLAND CA 94609-2041



**GREATER CALIFORNIA FINANCIAL SERVICES**
**LEGAL DEPARTMENT**
P.O. BOX 3410, PASO ROBLES, CA 93447-3410
Toll Free (800) 646-4237 ~ (805) 237-0312 ~ Fax (805) 237-6243

May 5, 2010

BLACK, SARAH M          67780501
560 48TH STREET
OAKLAND CA 94609

RE:  GCFS Inc. V.           BLACK, SARAH
     Account Number:        67780501
     Original Creditor:     CashCall Inc
     Original Account #:    172467
     Amount Due:            $3,764.17

Dear SARAH M BLACK:

Even though GCFS, Inc. has filed a lawsuit against you in this matter, it is not too late to avoid potential future expenses, wage garnishments, vehicle levies or liens against property.

If you are not able to pay this account in full other options may be available to you. Please contact me to discuss this situation as soon as possible.

Time is of the essence, so please call now.

Respectfully,

MARK McDOWELL

GCFS Account Specialist

EXHIBIT 4

This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

GREATER CALIFORNIA FINANCIAL SERVICES
LEGAL DEPARTMENT
PO BOX 3410
PASO ROBLES CA 93447-3410

FORWARDING AND ADDRESS CORRECTION REQUESTED

BLACK, SARAH M
560 48TH STREET
OAKLAND CA 94609

67780501

9460S#2041 C008



02 1P
0003060342
MAILED FROM ZIP CODE 93446
$ 000.44⁰
MAY 05 2010
PITNEY BOWES
UNITED STATES POSTAGE